Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Eugene** | **Nicholson** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Lamarsheat** | **Annette** | **Nicholson** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **18-60502**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
1.3, 2.1, 2.3, 3.1, 3.3, 3.5, 4.3, 4.4

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | | |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☑ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

| Debtor | **Michael Eugene Nicholson** | Case number | |
|---|---|---|---|
| | **Lamarsheat Annette Nicholson** | | |

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ☑ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,045.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑    Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐    Debtor(s) will make payments directly to the trustee.

☐    Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*

☐    Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑    Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years **2018, 2019, 2020**, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐    Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4    Additional Payments.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

   **(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

   **(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **Michael Eugene Nicholson** | Case number | |
| | **Lamarsheat Annette Nicholson** | | |

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | Treatment of Secured Claims |

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the

| Debtor | **Michael Eugene Nicholson** | Case number | |
| | **Lamarsheat Annette Nicholson** | | |

current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Chase Home Finance, LLC | 135 Hunter's Trace Covington, GA 30014 Newton County | $7,088.00 | 0.00% | $100.00 increasing to $150.00 in April 2019 |

§ 3.2     **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

☑  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Ally Financial | 2017 Dodge Grand Caravan | Opened 10/17 Last Active 2/23/18 | $29970.97 | 10.80% | $300.00 | $300.00 increasing to $832.00 in April 2019 |
| Title Max of Georgia | 2006 Chevrolet Equinox | | $1,399.15 | 5.25% | $20.00 | $50.00 increasing to $50.00 in April 2019 |

| | | |
|---|---|---|
| Debtor | **Michael Eugene Nicholson**<br>**Lamarsheat Annette Nicholson** | Case number |

### § 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Debtors surrender the 2016 Dodge Journey to Chrysler Capital/Santander**

### § 3.6 Other Allowed Secured Claims.
A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __**5.5**__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

### § 4.1 General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3 Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**5,300.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**532.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

| Debtor | **Michael Eugene Nicholson** | Case number |
| | **Lamarsheat Annette Nicholson** | |

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2500.00**  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2500.00**   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

§ 4.4    **Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $1,058.20 |
| **IRS** | $0.00 |

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

§ 5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

§ 5.2    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

| Debtor | Michael Eugene Nicholson | Case number | |
|---|---|---|---|
| | Lamarsheat Annette Nicholson | | |

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1**    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1**    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1**    Check "None" or List Nonstandard Plan Provisions.

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

**Student Loans will not be funded in the plan.**

| Part 9: | Signatures: |
|---|---|

**§ 9.1**    Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X    **/s/ Michael Eugene Nicholson**
**Michael Eugene Nicholson**
Signature of debtor 1 executed on    **November 9, 2018**

X    **/s/ Lamarsheat Annette Nicholson**
**Lamarsheat Annette Nicholson**
Signature of debtor 2 executed on    **November 9, 2018**

**135 Hunter's Trace**
**Covington, GA 30014**

**135 Hunter's Trace**
**Covington, GA 30014**

X    **/s/ Howard Slomka**
**Howard Slomka 652875  GA**
Signature of attorney for debtor(s)

Date:    **November 9, 2018**

**Slipakoff & Slomka PC**

**Overlook III, 2859 Paces Ferry Rd, SE**
**Suite 1700**
**Atlanta, GA 30339**

| Debtor | **Michael Eugene Nicholson** | Case number | |
|---|---|---|---|
| | **Lamarsheat Annette Nicholson** | | |

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| MICHAEL EUGENE NICHOLSON, SR., ) | CASE NO. 18-60502-SMS |
| LAMARSHEAT ANNETTE NICHOLSON,) | |
| ) | |
| DEBTORS. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Amended Chapter 13 Plan in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

**Michael Eugene Nicholson, Sr.** (hand delivery)
**Lamarsheat Annette Nicholson** (hand delivery)
135 Hunter's Trace
Covington, GA 30014

**Mary Ida Townson** (via ECF)
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

SEE ATTACHED FOR ADDITIONAL CREDITORS

Date: November 9, 2018

_____/s/_____
Howard Slomka, Esq.
Georgia Bar # 652875
Slipakoff & Slomka, P.C.
Attorney for Debtor
2859 Paces Ferry Road SE Suite 1700
Atlanta, GA 30339
se@myatllaw.com
Tel. (404) 800-4001

```
Label Matrix for local noticing          1st Franklin Financial                  1st Franklin Financial Corporation
113E-1                                   Po Box 2420                             Attn:Administrative Services
Case 18-60502-sms                        Covington, GA 30015-7420                P.O. Box 880
Northern District of Georgia                                                     Toccoa, GA 30577-0880
Atlanta
Fri Nov  9 18:14:35 EST 2018

AT&T Corp                                AT&T Mobility                           AT&T Mobility II LLC
c/o AT&T Services, Inc                   c/o Sunrise Credit                      %AT&T SERVICES INC.
Karen Cavagnaro- Lead Paralegal          Post Office Box 9100                    KAREN A. CAVAGNARO  PARALEGAL
One AT&T Way, Room 3A104                 Farmingdale, NY 11735-9100              ONE AT&T WAY, SUITE 3A104
Bedminster, NJ 07921-2693                                                        BEDMINSTER, NJ. 07921-2693

Ally Bank                                Ally Financial                          Atlanta Heart Associates
PO Box 130424                            200 Renaissance Ctr                     PO Box 102540
Roseville, MN 55113-0004                 Detroit, MI 48243-1300                  Atlanta, GA 30368-0540

Capital One                              Chase Home Finance, LLC                 Children's Healthcare
Po Box 30281                             PO Box 9001871                          c/o Harris & Harris
Salt Lake City, UT 84130-0281            Louisville, KY 40290-1871               111 West Jackson Boulevard
                                                                                 Suite 400
                                                                                 Chicago, IL 60604-4135

Chrysler Capital                         Convergent Outsourcing                  Covington Credit/smc
Po Box 961275                            800 Sw 39th St                          5131 Highway 278 Nw
Fort Worth, TX 76161-0275                Renton, WA 98057-4927                   Covington, GA 30014-2123

Credit One Bank Na                       DirecTV                                 Abbey Ulsh Dreher
Po Box 98875                             c/o First national Collection           Barrett Daffin Frappier Turner Engel LLP
Las Vegas, NV 89193-8875                 610 Waltham Way                         Suite 100
                                         Sparks, NV 89434-6695                   4004 Belt Line Road
                                                                                 Addison, TX 75001-4320

Empire City Laboratories                 Enhanced Recovery Co L                  Feature Films For Families
229 49th Street                          8014 Bayberry Rd                        Post Office Box 30022
Brooklyn, NY 11220-1708                  Jacksonville, FL 32256-7412             Salt Lake City, UT 84130-0022

Fifth Third Bank                         Fifth Third Bank                        First Franklin Financial
5050 Kingsley Dr                         PO Box 9013                             Post Office Box 2420
Cincinnati, OH 45227-1115                Addison, Texas 75001-9013               Covington, GA 30015-7420

First Premier Bank                       (p)GEORGIA DEPARTMENT OF REVENUE        I C System Inc
3820 N Louise Ave                        COMPLIANCE DIVISION                     Po Box 64378
Sioux Falls, SD 57107-0145               ARCS BANKRUPTCY                         Saint Paul, MN 55164-0378
                                         1800 CENTURY BLVD NE SUITE 9100
                                         ATLANTA GA 30345-3202

IRS                                      JPMorgan Chase Bank, N.A.               Josten's
401 W Peachtree Street NW                Chase Records Center Attn: Corres.      3601 Minnesota Drive
Atlanta, GA 30308                        Mail Code LA4-5555                      Minneapolis, MN 55435-5281
                                         700 Kansas Lane
                                         Monroe, LA 71203-4774
```

| | | |
|---|---|---|
| LVNV Funding, LLC its successors and assigns assignee of MHC Receivables, LLC and FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Lindsey Howard<br>135 Hunter's Trace<br>Covington, GA 30014-8443 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN MI 48090-2011 |
| Mci<br>Po Box 650584<br>Dallas, TX 75265-0584 | Midland Funding<br>2365 Northside Dr Ste 30<br>San Diego, CA 92108-2709 | Lamarsheat Annette Nicholson<br>135 Hunter's Trace<br>Covington, GA 30014-8443 |
| Michael Eugene Nicholson Sr.<br>135 Hunter's Trace<br>Covington, GA 30014-8443 | Nuwave Oven<br>c/o SKO Brenner<br>40 Daniel St<br>Po Box 230<br>Farmingdale, NY 11735-0230 | Pediatric Center of Stone Mtn<br>5405-D Memorial Drive<br>Stone Mountain, GA 30083-3236 |
| Piedmont Newton Hospital<br>c/o PAB<br>PO Box 279<br>Norcross, GA 30091-0279 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Premier Healthcare Alliance<br>Post Office Box 116202<br>Atlanta, GA 30368-6202 |
| Proactiv<br>PO Box 2020<br>Harlan, IA 51593-0001 | Q1 Newton<br>102 South Wayne Street<br>Milledgeville, GA 31061-3440 | Quick Loans<br>9140 Hwy 278 NE<br>Covington, GA 30014-7010 |
| Rep/build<br>Po Box 9203<br>Old Bethpage, NY 11804-9003 | Santander Consumer USA Inc., an Illinois corporation d/b/a Chrysler Capital.<br>P.O. Box 961275<br>Fort Worth, TX 76161-0275 | Howard P. Slomka<br>Slipakoff & Slomka, PC<br>Overlook III - Suite 1700<br>2859 Paces Ferry Rd, SE<br>Atlanta, GA 30339-6213 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Sunset Fin<br>510 Mountain View Dr<br>Seneca, SC 29672-2133 | The Build Card<br>Post Office Box 660269<br>Old Bethpage, NY 11804 |
| (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 | UNITED STATES DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 |
| United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Us Dept Of Ed/glelsi<br>Po Box 7860<br>Madison, WI 53707-7860 | Western Shamrock<br>1706 Hwy 138<br>Suite J<br>Conyers, GA 30013-1284 |
| World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | World Finance Corporat<br>2640b Metropolitan Pkwy<br>Atlanta, GA 30315-7902 | Wstshmrk<br>801 S Abe<br>San Angelo, TX 76903-6735 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
GEORGIA DEPARTMENT OF REVENUE          (d)Georgia Department of Revenue      Sprint
COMPLIANCE DIVISION                    1800 Century Blvd                     Post Office Box 4191
BANKRUPTCY SECTION                     Suite 17200                           Carol Stream, IL 60197-4191
1800 CENTURY BLVD. NE, SUITE 9100      Atlanta, GA 30345
ATLANTA, GEORGIA 30345-3205


Title Max of Georgia                   (d)TitleMax of Georgia, Inc. d/b/a TitleMax
15 Bull Street                         15 Bull Street, Suite 200
Savannah, GA 31401                     Savannah, GA 31401
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)JPMorgan Chase Bank, National Association      End of Label Matrix
                                                  Mailable recipients   59
                                                  Bypassed recipients    1
                                                  Total                 60
```